IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CECILIA OSORIO; <br> ROLANDO ENCARNACION OSORIO; <br> ROSALBA OSORIO; MARIA DE <br> LOURDES OSORIO; RUBEN JAMES <br> OSORIO; JULIO CESAR OSORIO <br> PRECIADO; and <br> ALEXANDRA MOTEJANO GAUNA, <br> Individually and as Next Friend of <br> PAULINA OSORIO MONTEJANO, <br> A Minor <br><br> vs. <br><br> SHARKEY TRANSPORTATION, INC., <br> ANDREW CARLYLE EITEL, and <br> OSCAR RUBEN OSORIO | § § § § § § § § § § § § § § § § § § **CIVIL ACTION NO. _____** |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§1441, 1446 and 1332, Defendants, Sharkey Transportation, Inc. hereby removes this action to this Court, on the basis of diversity jurisdiction, and in support thereof show as follows:

**I.
UNDERLYING STATE COURT SUIT
MADE BASIS OF REMOVAL**

1.  This action was filed on July 30, 2015 in the 357th Judicial District Court, Cameron County, Texas as Cause No. 2015-DCL-04675. While the "Plaintiffs' Original Petition" was filed on July 30, 2015, a copy of the summons and a copy of the complaint (or "Plaintiff's Original Petition") was not served on Defendant Sharkey Transportation, Inc. (hereinafter, "STI") until August 10, 2015. Therefore, this Notice of Removal is timely. Defendant, Andrew

Carlyle Eitel (hereinafter, "Eitel"), who is a citizen of Missouri, has not been served. As a result, Eitel's consent is not required for this Notice of Removal. 28 USC § 1446(b)(2)(A) provides:

> "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in order consent to the removal of the action."

2. Because the underlying action was filed in the 357th Judicial District Court, Cameron County, Texas, the United States District Court for the Southern District of Texas - Brownsville Division embraces the place where this action was filed. See 28 U.S.C. §1441(a).

3. The Docket Sheet for Cause No. 2015-DCL-04675 before the 357th Judicial District Court, Cameron County, Texas identifies that Citation was served upon STI on August 10, 2015. Defendant STI has filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

4. Pursuant to 28 U.S.C. §1441(b)(2) and §1446(b)(2)(A), consent to removal is required only of those defendants who have been "properly joined and served". STI contends that Defendant Oscar Ruben Osorio has been improperly joined as a Defendant in this action, and therefore his consent is not required.

5. The Fifth Circuit Court of Appeals has explained that consent to removal is not required from a defendant who has been improperly joined, writing as follows:

> "We do not dispute Jernigan's statement of law; as a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, the application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993).

See also *Escalante v. Deere & Co.*, 3 F.Supp.3d, 587, 590 (S.D. Tex., March 11, 2014)

**NOTICE OF REMOVAL**

## II.
## DIVERSITY OF CITIZENSHIP
## SUBJECT MATTER JURISDICTION EXISTS

5. Removal is proper because there is complete diversity between all parties. 28 U.S.C. §1332(a); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Specifically, diversity jurisdiction exists pursuant to the following:

- <u>28 U.S.C. §1332(a)(1)</u>

"citizens of different States"

In short, there is complete diversity of citizenship. There are seven (7) separate Plaintiffs. None of the seven (7) Plaintiffs are citizens of any state and/or any foreign state of which any properly joined Defendant is a citizen. Further, no properly joined Defendant is a citizen of the state of Texas. Because complete diversity exists, federal subject matter jurisdiction exists.

### A. Plaintiffs Are Citizens of Texas

7. The July 30, 2015 "Plaintiffs' Original Petition" lists the following seven (7) individuals as Plaintiffs and states that each Plaintiff is a "resident of Harlingen, Cameron County, Texas":[1]

    a. Cecelia Osorio;

    b. Rolando Encarnacion Osorio;

    c. Rosalba Osorio;

    d. Maria de Lourdes Osorio;

    e. Ruben James Osorio;

---

1 See paragraph 2 of page 2 of the "Plaintiffs' Original Petition."

**NOTICE OF REMOVAL**

   f.  Julio Cesar Osorio Preciado;

   g.  Alexandra Montejano Guana, Individually and as Next Friend of Paulina Osorio Montejano, a minor

The "Plaintiffs' Original Petition" fails to state the citizenship of the Plaintiffs. However, each of the seven (7) Plaintiffs is a citizen of Texas[2].

### B. The Properly Joined Defendants Are Not Citizens of Texas[3]

8. Defendant, Sharkey Transportation, Inc. (hereinafter, "STI") was incorporated in Iowa. STI's principal place of business Quincy, Adams County, Illinois[4]. STI is not a citizen of Texas.

9. Defendant, Andrew Carlyle Eitel (hereinafter, "Eitel") is an individual and is a citizen of Missouri. Eitel is not a citizen of Texas.

10. Therefore, complete diversity of citizenship exists between the Plaintiffs (citizens of Texas) and Defendants STI (citizen of Iowa and Illinois) and Defendant Eitel (citizen of Missouri).

---

2 In the event that it is argued that any (or all) of the seven (7) Plaintiffs are foreign citizens, federal diversity of citizenship jurisdiction also exists pursuant to 28 U.S.C.§ 1332(a)(2) which provides for diversity jurisdiction between:
> "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State"

3 The term "proper joinder" is used for purposes of the improper joinder analysis under federal law concerning removal based upon diversity of citizenship. As set forth herein, Sharkey Transportation, Inc contends that Oscar Ruben Osorio has been improperly joined. The use of the phrase "proper joinder" is not intended (and should not be construed) as an admission of liability by either Sharkey Transportation, Inc. and/or Andrew Carlyle Eitel.

4 A corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business. *See Getty Oil Corp v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988); *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

**NOTICE OF REMOVAL**

### C. Oscar Ruben Osorio Has Been Improperly Joined and Should Be Disregarded For Purposes of Determining Jurisdiction

11. The citizenship of Oscar Ruben Osorio should be disregarded for purposes of determining subject matter jurisdiction because he has been improperly joined. Oscar Ruben Osorio is a Texas citizen – and he has been improperly joined for the purpose of attempting to defeat diversity of citizenship subject matter jurisdiction.

12. It is well-established that the citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-7000 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)[5].

13. Each prong/factor of improper joinder is appropriate in this case. STI contends that under the precedent of case law such as *Rodriguez v. Casa Chapa, S.A.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005), there is clear evidence of (1) actual fraud in the pleading of jurisdictional facts and (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant (Oscar Ruben Osorio).

14. The decision of *Rodriguez v. Casa Chapa, S.A.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005) is instructive. It involves a two vehicle accident. Vehicle #1 was driven by Trinidad Rodriguez Santana. His brother (Enrique Rodriguez, Jr.) was a passenger.

---

5  See also *Rodriguez v. Casa Chapa, S.A.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005) which states:

> "In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been an outright fraud in the plaintiff's pleading of jurisdictional facts."

**NOTICE OF REMOVAL**

Trinidad Rodriguez Santana died. The passenger (Enrique Rodriguez, Jr.) suffered serious injuries. Vehicle #2 was owned by Servi Chapa, a Mexican corporation. Family members of the passenger and driver of Vehicle #1 sued Enrique Rodriguez, Sr. as Administrator of the Estate of Trinidad Rodriguez (Trinidad Rodriguez was the driver of Vehicle #1) and the Mexican corporation that owned Vehicle #2. The Administrator of the Estate of the deceased driver of Vehicle #1 also filed a cross-claim against the owner of Vehicle #2 (Servi Chapa).

15. The non-diverse Defendant removed the case citing improper joinder. In its discussion of the "outright fraud in pleading jurisdictional facts" prong, the *Rodriguez* decision explains:

> "…the courts have not held that this inquiry is solely limited to deception about where a party resides."

After a lengthy discussion of what "fraud in the pleading of jurisdictional facts" means, the *Rodriguez* opinion explains:

> "Nevertheless, the Court finds that such actual fraud in the pleading of jurisdictional facts can encompass other facts proximately leading to jurisdictional concerns. Lying to establish a putative party as a 'strawman' to defeat jurisdiction is a jurisdictional issue contained within the pleadings." 394 F.Supp.2d at 907-908.

16. Speaking to the motivation for joining the purported estate of the non-diverse defendant, the *Rodriguez* opinion explains:

> "The Plaintiffs, of which Rodriguez, Sr. is but one, well-knew that having one Texas defendant would destroy diversity." 394 F.Supp.2d at 908.

17. It is clear that Oscar Ruben Osorio has been improperly joined as a Defendant in this action for the purpose of attempting to defeat diversity of citizenship subject matter-jurisdiction. Oscar Ruben Osorio is the driver of the vehicle occupied by the named Plaintiffs in this case. Page eight (8) of the "Plaintiffs' Original Petition" states that the named Plaintiffs are represented by attorney Michael Weinberg of the following law firm:

>Weinberg & Weinberg, LLP
>819 Hogan Street
>Houston, Texas  77009[6]

18. That is, attorney Michael Weinberg and the law firm of Weinberg & Weinberg, LLP represent each of the named Plaintiffs against the following:

>a. Sharkey Transportation, Inc.;
>
>b. Andrew Carlyle Eitel; and
>
>c. Allegedly - Oscar Ruben Osorio

19. The Plaintiff's Original Petition contains but the following conclusory allegation against Oscar Osorio in paragraph 15 of page 6:

>"Plaintiffs would also show that Defendant Oscar Osorio was negligent on the occasion in question, and that such negligence was a proximate cause of the accident in question and Plaintiffs' injuries and damages sustained as a result thereof."

A viable claim for negligence requires evidence of each of the following elements:

>a. the defendant owed a legal duty to the plaintiff;
>
>b. the defendant breached that legal duty;
>
>c. the breach of the legal duty was the proximate cause of the injury to the plaintiff – resulting in actual damages. (See *Western Invs. v. Urena*, 162 S.W.3d 546, 557 (Tex. 2005)

The conclusory allegations offered as to Oscar Ruben Osorio demonstrate that Plaintiffs have not established a cause of action against this non-diverse Defendant.  See Tracy v. Chubb Lloyds Ins. Co., 2012 U.S. Dist. LEXIS 44984 (N.D. Tex. March 30, 2012); see also *Rodriguez v. Metropolitan Lloyds Insurance Company of Texas*, 5:15-cv-00413-C (Lubbock) (N.D. Tex., July 27, 2015).  Further, the post-accident report issued by the officer in Missouri that responded to the accident did not attribute fault for the accident to Oscar Ruben Osorio[7].

---

6   See page 8 of the "Plaintiffs' Original Petition."

20.     Further, evidence of the fact that Plaintiffs are both unable (and unwilling) to establish a cause of action against Oscar Osorio is demonstrated by the fact that on September 1, 2015, the improperly joined Defendant (Oscar Ruben Osorio) filed a cross-claim for affirmative against STI and Eitel contemporaneous with his Original Answer.

21.     Stepping back and looking at the pleadings that have been filed, the Plaintiffs (represented by the law firm of Weinberg & Weinberg, LLP) ask this Court to believe that Oscar Ruben Osorio is a properly joined Defendant.  These Plaintiffs (represented by the law firm of Weinberg & Weinberg, LLP) have sued Oscar Ruben Osorio.  Thereafter, when Oscar Ruben Osorio answers this lawsuit, he too files a claim for affirmative relief against STI and Eitel.

22.     The facts and documentary evidence show that Oscar Ruben Osorio is improperly joined (and should actually be re-aligned as a Plaintiff) because Oscar Ruben Osorio has provided written outlines of request for payment of his medical expenses to insurance claims adjusters for STI in February 2015 by and through the very same law firm that is now purportedly suing him – the law firm of Weinberg & Weinberg, LLP.

23.     Specifically, on February 13, 2015, the law firm of Weinberg & Weinberg, LLP submitted written medical care expense amounts for each of the following individuals, in separate letters – each of which identified the name below as **"Our Client":**

---

7       See Missouri Uniform Crash Report attached hereto as **Exhibit 11**.  STI does not admit or concede liability in this case.  STI cites as reference to the prong for fraudulent joinder concerning that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendant (Oscar Ruben Osorio).

        Rather, STI points out the contents of the Missouri peace officer's report following the accident in question – while reserving the right to assert applicable defenses available to them and to contest both liability and damage claims asserted by the Plaintiffs.

**NOTICE OF REMOVAL**

| Exhibit # | Specific Individual Identified in the February 13, 2015 Correspondence from the law firm of Weinberg & Weinberg, LLP as *"Our Client"* |
|---|---|
| 1 | Cecelia Osorio |
| 2 | Cecelia Osorio, as Next Friend of Rolando Encarnacio Osorio, a Minor |
| 2A | March 2, 2015 correspondence from law firm of Weinberg & Weinberg, LLP as to Cecelia Osorio |
| 3 | Rosalbo Osorio |
| 4 | Maria De Lourdes Osorio |
| 5 | Ruben James Osorio |
| 5A | March 2, 2015 correspondence from law firm of Weinberg & Weinberg, LLP as to Ruben James Osorio |
| 6 | Julio Cesar Osorio Preciado |
| 6A | April 7, 2015 correspondence from the law firm of Weinberg & Weinberg, LLP as to Julio Cesar Osorio Preciado |
| 7 | Alexandra Montejano Guana |
| 7A | April 7, 2015 correspondence from the law firm of Weinberg & Weinberg, LLP as to Alexandra Montejano Guana |
| 8 | Oscar Ruben Osorio - the improperly joined defendant |

**NOTICE OF REMOVAL**

24. In short, the law firm of Weinberg & Weinberg, LLP filed a "Plaintiff's Original Petition" on July 30, 2015 purporting to make an adverse claim against Oscar Ruben Osorio – the same Oscar Ruben Osorio for which it sought, in writing, to recover medical care expenses with respect to the very same automobile accident.

25. In addition to the February 13, 2015 correspondence, the law firm of Weinberg & Weinberg, LLP also wrote to insurance claims adjusters for STI on March 14, 2014. In this March 14, 2014 correspondence the law firm of Weinberg & Weinberg, LLP states that Oscar Osorio is "Our Client".[8] Again, on March 2, 2015, the law firm of Weinberg & Weinberg, LLP provided medical expense amounts for its client, Oscar Ruben Osorio.[9]

26. STI contends that each prong of the improper joinder analysis has been satisfied under the facts of this case[10].

### D. The Amount in Controversy Exceeds $75,000.00.

27. It is facially apparent from the "Plaintiffs' Original Petition" that the claim for damages and relief for each of the Plaintiffs exceeds the sum of $75,000.00, exclusive of interest, costs and attorneys fees[11]. Paragraph 18 of page 7 of the "Plaintiffs' Original Petition" states that Plaintiff seeks damages "in an amount over $1,000,000.00."

28. This case involves a vehicle collision that occurred in Moberly, Randolph County, Missouri. In correspondence of February 13, 2015, the law firm of Weinberg & Weinberg, LLP

---

8   See **Exhibit 9** attached hereto and incorporated by reference as if set forth fully at length.

9   See **Exhibit 10** attached hereto and incorporated by reference as if set forth fully at length.

10   STI recognizes that it is the decision of this honorable Court as to whether it will "pierce the pleadings" or "conduct a Rule 12(b)((6) analysis" to determine whether Plaintiffs have a reasonable basis for recovery. See *Denson v. BeavEx., Inc*., 2015 U.S. App. LEXIS 8576 (5th Cir. 2015).

11   STI denies that Plaintiffs are entitled to the damage claims sought.

provided correspondence to the claims adjuster for STI (Baldwin & Lyons, Inc.) setting for the following dollar amounts of one (1) element of damages being asserted – those for medial charges[12]:

|   |   |   |
|---|---|---|
| a. | Cecelia Osorio: | $29,425.18 |
| b. | Rolando Encarnacion Osorio: | $18,454.17[13] |
| c. | Rosalba Osorio: | $62,156.71 |
| d. | Maria de Lourdes Osorio: | $93,487.96 |
| e. | Ruben James Osorio: | $22,314.29[14] |
| f. | Julio Cesar Osorio Preciado: | $50,442.49[15] |
| g. | Alexandra Montejano Guana, Individually and as Next Friend of Paulina Osorio Montejano, a minor | $40,328.74[16] |

29. In addition to the above-referenced medical care expenses, the "Plaintiffs' Original Petition" specifically states on paragraph 16 of page 7 that each of the Plaintiffs also seeks the recovery of the following damages from:

    a.    necessary and reasonable medical expenses in the future;

    b.    conscious physical pain and mental anguish in the past;

    c.    conscious physical pain and mental anguish in the future;

---

12    Defendants do not admit and/or concede that the Plaintiffs are entitled to the recovery of these amounts. Rather, these amounts are identified to address diversity of citizenship jurisdiction.

13    See **Exhibit 2A** (March 2, 2015 correspondence from the law firm of Weinberg & Weinberg, LLP).

14    See **Exhibit 5A** (March 2, 2015 correspondence from the law firm of Weinberg & Weinberg, LLP).

15    See **Exhibit 6A** (April 7, 2015 correspondence from the law firm of Weinberg & Weinberg, LLP).

16    See **Exhibit 7A** (April 7, 2015 correspondence from the law firm of Weinberg & Weinberg, LLP).

**NOTICE OF REMOVAL**

   d.  physical impairment in the past;

   e.  physical impairment in the future;

   f.  lost wages in the past;

   g.  lost earning capacity in the future

30. Combining the past medical expenses figures identified above with the additional elements of damages sought by each Plaintiffs in items (a) through (g), each Plaintiff clearly seeks recovery of at least $75,000.00.

31. In the event that any Plaintiff contends that the damage claim being asserted does not exceed $75,000.00, Defendants request that each Plaintiff enter into a stipulation that a claim for damages is not being asserted for a sum in excess of $74,999.99.[17]

---

[17] To the extent that the Plaintiffs seek to argue that diversity jurisdiction does not exist on the grounds that the amount in controversy does not exceed $75,000.00, then Defendant respectfully requests that each Plaintiff enter into a binding, sworn stipulation that their claims for damages do not exceed $75,000.00, exclusive of interest, costs and attorneys fees. *See Matney v. Wenger Corp*., 957 F.Supp. 942, 943 (S.D. Tex. 1997) wherein the Southern District of Texas provided as follows:

> "the Court will remand this action if the Plaintiffs file an affidavit swearing that they will *never* request nor collect more than $74,999.99 from the Defendant in this or any remanded action for the injuries that made the basis of this suit. The Plaintiffs are cautioned that if the case is remanded under these circumstances, the Court will retain plenary jurisdiction over the matter to enforce Plaintiffs' sworn representation in perpetuity, and if the Plaintiffs ever seek more than $74,999.99 from the Defendant....."

*See also, Martinez v. BAC Home Loans Servicing, LP,* 777 F.Supp2nd 1039, 1044-45 (W.D. Tex. 2010):

> "The plaintiff can show his claims are actually less than the jurisdictional amount by filing a binding stipulation or affidavit with the petition prior to removal stating he does not seek and will not accept any award in excess of the jurisdictional amount............ However, if the plaintiff does not so stipulate and the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation to clarify the ambiguity by determining the amount which was in controversy as of the date of the removal."

*Also see generally, In re: 1994 Exxon Chem. Fire v. Berry,* 558 F.3d 378 (5th Cir. La. 2009).

**NOTICE OF REMOVAL**

## III.
## OTHER PROCEDURAL MATTERS

32. Pursuant to 28 U.S.C. §1446(a) and Local Rule LR81 of the Southern District of Texas, Defendants, STI has attached hereto:

   a. All executed process in this case;

   b. Pleadings, asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

   c. All orders signed by the state judge;

   d. The Docket Sheet from the 357th Judicial District Court, Cameron County, Texas as Cause No. 2015-DCL-04675;

   e. An index of matters being filed; and

   f. A list of all counsel of record, including addresses, telephone numbers and parties represented.

33. The Index attached hereto contains the following:

   Notice of Removal Action under 28 U.S.C.§1446(a)

   Exhibit A:   Index of Matters Being Filed

   Exhibit B:   List of all counsel of record, including their addresses, telephone numbers and parties represented.

   Exhibit C:   A true and correct copy of the docket sheet.

   Exhibit D:   Plaintiffs' Original Petition

   Exhibit E:   Cover Letter to Cameron County District Clerk

   Exhibit F:   Civil Case Information Sheet filed with the Cameron County Clerk

   Exhibit G:   Citation addressed to Sharkey Transportation, Inc. via certified mail

   Exhibit H:   Citation addressed to Andrew Carlyle Eitel

   Exhibit I:   Citation addressed to Oscar Ruben Osorio

   Exhibit J:   Service return as to Sharkey Transportation, Inc.

| | | |
|---|---|---|
| Exhibit K: | | Motion to Transfer Venue of Sharkey Transportation, Inc., and Subject to and Without Waiver of Same, Original Answer |
| Exhibit L: | | Order Setting Hearing Date as to the Motion to Transfer Venue of Sharkey Transportation, Inc. |
| Exhibit M: | | Oscar Ruben Osorio's Original Answer and Cross-Claim |

## IV.
## NOTICE TO ADVERSE PARTY AND STATE COURT

34.     Pursuant to 28 U.S.C. §1446(d), Defendants will promptly give written notice of the filing of this Notice for Removal to Plaintiff and will file a copy of the Notice of Removal with the Clerk of the 357th Judicial District Court, Cameron County, Texas.

## VI.
## CONCLUSION AND PRAYER

Sharkey Transportation, Inc. prays that this case be removed from the 357th Judicial District Court, Cameron County, Texas, to this United States District Court for the Southern District of Texas - Brownsville Division because there exists complete diversity between the parties.

Further, in the event that the Plaintiffs seeks to remand this matter, Defendant respectfully requests sufficient opportunity to conduct discovery in order to address any challenge to the subject matter jurisdiction of this court, as well as such other and further relief, both at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By: /s/ Mike Mills
Mike Mills
Federal I.D. No. 8316
Texas State Bar No. 14163500
ATLAS, HALL & RODRIGUEZ, LLP
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile

*Attorney for Defendant*
*Sharkey Transportation, Inc.*

**OF COUNSEL:**
ATLAS, HALL & RODRIGUEZ, LLP
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile
*Email: mkmills@atlashall.com*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *"Notice of Removal"* filed by Defendant Sharkey Transportation, Inc. has on the 8th day of September 2015 been forwarded to counsel in the manner prescribed as follows:

Michael Weinberg
WEINBERG & WEINBERG, LLP
819 Hogan Street
Houston, Texas  77009
*Via Facsimile:  (713) 572-1233*
*Via email:*  mweinberg@weinbergfirm.com
**Counsel for Plaintiffs**

Dennis A. Longoria
1101 Chicago
McAllen, Texas  78501-4822
*Via Facsimile:  (956) 682-0820*
*Via email:*  texaslitigator1@yahoo.com
**Counsel for Oscar Ruben Osorio**

                                              /s/ Mike Mills
                                              Mike Mills