CERTIFIED COPY

2015-DCL-04675

CAUSE NO. _____

FILED
2015-DCL-04675
7/30/2015 9:29:04 AM
Eric Garza
Cameron County District Clerk
By Cindy Medrano Deputy Clerk
6285760

| | | |
|---|---|---|
| CECILIA OSORIO; ROLANDO ENCARNACION OSORIO; ROSALBA OSORIO; MARIA DE LOUDRES OSORIO; RUBEN JAMES OSORIO; JULIO CESAR OSORIO PRECIADO; AND ALEXANDRA MONTEJANO GAUNA, INDIVIDUALLY AND AS NEXT FRIEND OF PAULINA OSORIO MONTEJANO, A MINOR | § § § § § § § § § | IN THE DISTRICT COURT OF |
| V. | § § § § § § | CAMERON COUNTY, TEXAS |
| SHARKEY TRANSPORTATION, INC., ANDREW CARLYLE EITEL AND OSCAR RUBEN OSORIO | § § § § | Cameron County - 357th District Court _____ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Cecilia Osorio; Rolando Encarnacion Osorio; Rosalba Osorio; Maria De Loudres Osorio; Ruben James Osorio; Julio Cesar Osorio Preciado; and Alexandra Montejano Gauna, Individually and As Next Friend of Paulina Osorio Montejano, a Minor (all of the foregoing collectively referred to herein as "Plaintiffs"), appear to file Plaintiffs' Original Petition, complaining of Defendants Sharkey Transportation, Inc. ("Sharkey Transportation"), Andrew Carlyle Eitel ("Eitel") and Oscar Ruben Osorio (the foregoing collectively referred to herein as "Defendants"), and for cause of action would show as follows:

**DISCOVERY CONTROL PLAN**

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery in this matter under Level 3.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

SEP 08 2015

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #3

EXHIBIT D

CERTIFIED COPY

## PARTIES AND PROCESS

2. Plaintiffs are individuals and residents of Harlingen, Cameron County, Texas.

3. Defendant Sharkey Transportation, Inc. is a for-profit corporation organized pursuant to the laws of the State of Iowa, having its principal place of business in Quincy, Illinois. This defendant may be served with process through its registered agent, Jack R. Sharkey, 3803 Dye Road, Quincy, Illinois 62305.

4. Defendant Andrew Carlyle Eitel is an individual and resident of Missouri. This defendant may be served at his place of residence, 903 Reservoir Street, Hannibal, Missouri 63401, or wherever he may be found.

5. Defendant Oscar Ruben Osorio is an individual and resident of Texas. This defendant may be served at his place of residence, 2601 S. Palm Court, Harlingen, Texas 78552, or wherever he may be found.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter as the amount in controversy is within the jurisdictional limits of this Court. Sharkey Transportation is a national trucking company that offers extensive interstate transportation services throughout the contiguous United States, including Texas, with contract authority for all 48 of these states. Per its own website, Sharkey Transportation regularly and routinely offers extensive services to and from Texas. Put another way, Sharkey Transportation has sufficient minimum contacts with Texas to confer jurisdiction, to wit: it has purposely availed itself of the privilege of conducting business within Texas and its contacts with Texas satisfy the general jurisdiction requirement. Sharkey Transportation's contacts with Texas are purposeful rather than random, fortuitous or attenuated, and it has sought and received benefit, advantage and profit by availing itself of the

2

CERTIFIED COPY

Texas jurisdiction. Accordingly, in light of all of the above, this Court has personal jurisdiction over Defendant Sharkey Transportation. This Court also has personal jurisdiction over Defendant Eitel because he too has sufficiently availed himself of the privilege of conducting business within Texas and his contacts with Texas otherwise satisfy the general jurisdiction requirement. Defendant Eitel's contacts with Texas have been purposeful rather than random, fortuitous or attenuated, and he has sought and received benefit, advantage and profit by availing himself of the Texas jurisdiction. This Court has personal jurisdiction over Defendant Oscar Osorio because he is a Texas resident.

7. Pursuant to Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code, venue is proper in Cameron County because this is the county in which Defendant Oscar Osorio resided at the time Plaintiffs' causes of action accrued. Moreover, pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code, because Plaintiffs have established Cameron County as a proper venue as to one defendant, venue is proper in Cameron County as to all Defendants. Venue is also proper in Cameron County pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code.

## FACTS

8. This is a personal injury case arising out a motor vehicle accident that occurred on or about September 5, 2013. On the occasion in question, Plaintiffs were passengers in a vehicle being driven by Defendant Oscar Osorio, when Defendant Eitel, who was travelling behind the Osorio vehicle, failed to control his speed and collided into the vehicle being driven by Defendant Oscar Osorio. At the time of the accident, Defendant Eitel was acting within the course and scope of his employment with Defendant Sharkey Transportation. Plaintiffs sustained bodily injuries and incurred other damages as result of the accident, for which they

3

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
SEP 08 2015
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #3

CERTIFIED COPY

hereby sue. The accident and the ensuing injuries and other damages were caused by the negligence of Defendants, as more particularly described below.

## CLAIMS

### Negligence and Negligence Per Se
### (Eitel)

9. On the occasion in question, Defendant Eitel was negligent and, in some cases negligent per se, by way of various acts and omissions, including, without, limitation, as follows:

- In failing to maintain an assured clear distance between his vehicle and the vehicle being occupied by Plaintiffs;
- In driving his vehicle at a speed greater than was reasonable and prudent under the circumstances then existing, and in driving at a speed in excess of the applicable speed limit;
- In failing to control his vehicle;
- In failing to keep a proper lookout;
- In failing to apply the brakes of his vehicle in order to avoid the accident;
- In failing to turn his vehicle to the right or left in an effort to avoid the accident;
- In failing to take proper evasive action or otherwise properly operate his vehicle in order to avoid the accident;
- In failing to obey various other traffic rules and regulations, which constitutes negligence per se; and/or
- In some other manner to be discovered in the course of this lawsuit.

10. Each of the foregoing acts and omissions constituted negligence (and in some cases negligence per se), and was each and all, independently and/or concurrently, a proximate cause of the accident and the injuries and damages about which Plaintiffs complain herein.

### Negligence and Negligent Entrustment/Hiring/Retention/Supervision
### (Sharkey Transportation)

11. The various acts and omissions of Defendant Sharkey Transportation constituting negligence and/or negligent entrustment/hiring/retention/supervision include, without limitation, the following:

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
SEP 08 2015
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #3

4

CERTIFIED COPY

- In allowing the tractor-trailer combination to be driven by Defendant Eitel on the public roads and highways in a manner which posed a danger to the traveling public;
- In entrusting the tractor-trailer combination to Defendant Eitel on the occasion in question in that Defendant Eitel was an unskilled, incompetent and reckless driver, of which Defendant Sharkey Transportation knew, or through the exercise of ordinary care, should have known;
- In the hiring of Defendant Eitel;
- In failing to properly investigate the driving ability, prior employment history and driving record of Defendant Eitel;
- In failing to properly train Defendant Eitel to drive in a safe and prudent manner;
- In failing to properly supervise Defendant Eitel to ensure that he would operate the tractor-trailer combination in a safe and prudent manner;
- In the otherwise negligent employment, retention and supervision of Defendant Eitel; and
- In some other manner to be discovered in the course of this lawsuit.

12. Each of the foregoing acts and omissions constituted negligence and/or negligent entrustment/hiring/retention/supervision, and was each and all, independently and/or concurrently, a proximate cause of the accident in question and injuries and damages about which Plaintiffs complain herein.

### Respondeat Superior, Agency and Other Derivative Theories of Liability
### (Sharkey Transportation and Eitel)

13. As indicated above, at the time of the accident in question, Defendant Eitel was the agent, servant and/or employee of Defendant Sharkey Transportation and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant Sharkey Transportation. Defendant Eitel was operating the tractor-trailer combination with the knowledge, consent and actual permission and/or implied permission of Defendant Sharkey Transportation, and was acting within the course and scope of his implied and/or express authority as agent, servant and/or employee of Defendant Sharkey Transportation. Accordingly, Defendant Sharkey Transportation is liable for the acts and omissions of Defendant Eitel under

5

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
SEP 08 2015
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #3

the doctrine of respondeat superior, traditional principles of agency law and/or any other applicable theory of law.

14. Alternatively, at all material times hereto, Defendants Eitel and Sharkey Transportation were engaged in a joint enterprise. Defendant Eitel was in route to further the business of Defendant Sharkey Transportation. Defendants Sharkey Transportation and Eitel shared control of the tractor-trailer combination being operated by Defendant Eitel, Defendant Eitel by actually operating the vehicle and Defendant Sharkey Transportation by planning the course of travel and destination and directing Defendant Eitel as to the route and times to be followed in furtherance of their mutual enterprise. In sum, Defendants Eitel and Sharkey Transportation had an agreement regarding the enterprise or endeavor in question (i.e., the trip being undertaken by Defendant Eitel at the time of the incident in question), a common purpose, a community of pecuniary interest in that common purpose, and an equal right to direct and control the enterprise. Accordingly, and in light of all of the above, Defendants Eitel and Sharkey Transportation are jointly and severally liable for all of Plaintiffs' damages under the joint enterprise theory of liability.

### Negligence
### (Oscar Osorio)

15. Plaintiffs would also show that Defendant Oscar Osorio was negligent on the occasion in question, and that such negligence was a proximate cause of the accident in question and Plaintiffs' injuries and damages sustained as a result thereof.

### DAMAGES

16. As a proximate cause of the negligence and/or negligence per se of Defendants, Plaintiffs suffered various injuries and incurred other damages. Specifically, each of the adult Plaintiffs have suffered/sustained (and/or will suffer/sustain) and hereby sue for the following

6

CERTIFIED COPY

elements of damages: (a) necessary and reasonable medical expenses, past and future; (b) conscious physical and mental pain and anguish, past and future; (c) physical impairment, past and future; (d) disfigurement, past and future; and (e) lost wages and loss of earning capacity, past and future.

17. Moreover, and in addition to her individual claim seeking the elements of damages outlined above, Plaintiff Alexandra Montejano Gauna has been forced to incur, and may incur in the future, medical and other out-of-pocket expenses on behalf of her minor daughter, Paulina Osorio Montejano, for which she also sues and seeks to recover in her individual capacity. Finally, Plaintiff Alexandra Montejano Gauna also brings suit on behalf of her minor daughter, Paulina Osorio Montejano, seeking to recover on her child's behalf the following elements of damages: (a) conscious physical and mental pain and anguish, past and future; and (b) physical impairment, past and future.

18. Plaintiffs would show that all of the damages complained of were proximately caused by the acts and omissions of Defendants. The damages sought by Plaintiffs are in an amount within the jurisdictional limits of the Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief in an amount over $1,000,000.00. Plaintiffs reserve the right to amend the range of monetary relief being sought as discovery progresses in this case.

### JURY DEMAND

19. Plaintiffs hereby demand a trial by jury on all issues. The required jury fee is being tendered to the Court simultaneously with the filing hereof.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Cecilia Osorio; Rolando Encarnacion Osorio; Rosalba Osorio; Maria De Lourdes Osorio; Ruben Garza Osorio; Julio

A TRUE COPY I CERTIFY
SEP 08 2015
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ Deputy #3

CERTIFIED COPY

Cesar Osorio Preciado; and Alexandra Montejano Gauna, Individually and As Next Friend of Paulina Osorio Montejano, a Minor, pray that Defendants Sharkey Transportation, Inc., Andrew Carlyle Eitel and Oscar Ruben Osorio be duly cited in terms of law to appear and answer herein and that upon final hearing hereof, Plaintiffs have judgment against and recover from Defendants their actual damages as set out above, prejudgment and postjudgment interest at the maximum rates allowed by law, and costs of court. Plaintiffs also request that they be granted all other relief to which they may be entitled.

Respectfully submitted,

WEINBERG & WEINBERG LLP

By: _____
Michael Weinberg
State Bar No. 24003149

819 Hogan Street
Houston, Texas 77009
(713) 572-1234 (Telephone)
(713) 572-1233 (Facsimile)
mweinberg@weinbergfirm.com

**Attorneys for Plaintiffs Cecilia Osorio; Rolando Encarnacion Osorio; Rosalba Osorio; Maria De Loudres Osorio; Ruben James Osorio; Julio Cesar Osorio Preciado; and Alexandra Montejano Gauna, Individually and As Next Friend of Paulina Osorio Montejano, a Minor**

8

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
SEP 08 2015
DISTRICT COURT OF CAMERON COUNTY TEXAS
BY _____ Deputy #3